# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| STACIE MOORE,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §    Case No. 1:19-CV-935-LY |
| | § |
| LAKEVIEW LOAN SERVICING, LLC<br>ANDLOANCARE, LLC,<br>*Defendants* | §<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(6), filed October 7, 2019 (Dkt. No. 5). Plaintiff did not file a Response. On September 30, 2019, the District Court referred the above case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

On July 19, 2017, Plaintiff Stacie Moore ("Plaintiff") obtained a home equity loan ("Loan") from Georgetown Mortgage, LLC in the amount of $240,562.00 on residential property located at 102 Reinhardt Court, Georgetown, Texas 78626 (the "Property"). On that same day, Plaintiff executed a deed of trust ("Deed of Trust"), and signed a promissory note ("Note") (hereinafter referred together as the "Loan Agreement") to obtain the Loan. The Loan was later assigned to Lakeview Loan Servicing, LLC ("Lakeview"). After Plaintiff failed to make monthly payments on her Loan, LoanCare, LLC ("LoanCare"), a loan servicing company, notified Plaintiff that her Loan was in default.

On September 10, 2019, Plaintiff filed this lawsuit against Lakeview and LoanCare ("Defendants") in state court to stop the foreclosure of her property. *See Moore v. Lakeview Loan Servicing*, Cause No. 19-1419-C395 (395th Dist. Ct., Williamson County, Tex. Sept. 10, 2019). Plaintiff alleges that Defendants failed to properly notify her of the default, and that Defendants failed to properly credit certain payments she made towards her Loan. Plaintiff alleges breach of contract, violations of the Texas Debt Collection Act, and violations of the Deceptive Trade Practices Act. Plaintiff also seeks injunctive relief to stop the foreclosure.

While the foreclosure of the Property was originally scheduled for October 1, 2019, the foreclosure has yet to occur.

On September 23, 2019, Defendants removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). On October 7, 2019, Defendants filed the instant Motion to Dismiss arguing that all of Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6)

2

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

As noted, Plaintiff failed to respond to Defendants' Motion to Dismiss. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. *See* Local Court Rule CV-7(e)(2) (responses to dispositive motions due within 14 days of motion's filing). However, the Court will address the merits of the Motion because dismissing a case other than on the merits of the claims is disfavored.

**A. Breach of Contract**

Plaintiff alleges that Defendants breached the Loan Agreement by (1) failing to provide Plaintiff with "proper notice" of the default, and (2) failing to credit her account with the four payments she allegedly made between October 25, 2018 and January 28, 2019. The essential elements of a breach of contract claim under Texas law are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). Plaintiff's breach of contract claims fail because she has failed to demonstrate a breach of the Loan Agreement by the Defendants, or that she suffered any actual damages due to the alleged breach.

3

### 1. Alleged Improper Notice of Default

Plaintiff alleges that Defendants breached the "Notice of Default" provision of the Note by failing to properly notify her of the default. The Notice of Default provision provides:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Dkt. No. 1-6 at p. 9-10. Plaintiff alleges that Defendants failed to comply with this provision because she was never notified that her account was in foreclosure until she received "a returned payment dated February 27, 2019 including a notice stating that foreclosure was the purpose the payment was being returned." Dkt. No. 1-6 at p. 7.

Plaintiff's allegation that she never received a Notice of Default is false. The evidence shows that Defendants sent numerous Notices of Default to Plaintiff as early as October 4, 2018, and that Plaintiff received such Notices. *See* Exh. B and C to Dkt. No. 5. The Court may rely on this evidence because "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Accordingly, Plaintiff's breach of the Notice of Default claim is meritless and must be dismissed. *See Dawson v. Bank of New York Mellon*, 2019 WL 6799631, at *4 (5th Cir. Dec. 12, 2019) (affirming dismissal of improper notice of default claim where: "The record shows that Dawson not only received proper notice of default, but also that she directly responded to it."); *Villarreal v. Ocwen Loan Servicing, LLC*, 2019 WL 4998694, at *7 (W.D. Tex. Sept. 25, 2019) (finding that improper service claim was meritless where evidence showed that defendant sent notice of default to the plaintiff).

## 2. Alleged Failure to Credit Plaintiff's Account

Plaintiff also alleges that Defendants breached the Deed of Trust by failing to credit her account with four loan payments she made on October 25, 2018; November 1, 2018; January 10, 2019; and January 28, 2019. Again, this allegation is false. Defendants have presented unrefuted evidence that they credited her account with these payments, as required by the Deed of Trust. *See* Exh. D to Dkt. No. 5. Because Plaintiff referred to these payments in her pleadings, the Court may consider this evidence. *See Causey*, 394 F.3d at 288. Accordingly, Plaintiff has failed to demonstrate that the Defendants breached the Deed of Trust. *See Walker v. Willow Bend Mortg. Co., LLC*, 2019 WL 1569683, at *8 (N.D. Tex. Apr. 11, 2019) (finding that evidence of plaintiff's loan payment history negated his claim that defendant failed to credit his account).

## 3. Lack of Damages

Even if Plaintiff had alleged sufficient facts to show that Defendants breached the Loan Agreement, her breach of contract claims would fail nevertheless because she has failed to allege that she suffered any actual damages as a result of the alleged breach of contract. As noted, because Plaintiff's Property has not been foreclosed, she cannot rely on any alleged damages due to a foreclosure. *See De La Mora v. CitiMortgage, Inc.*, 2015 WL 12803712, at *2 (S.D. Tex. 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred."). To the extent that Plaintiff asserts she suffered damages in the form of attorneys' fees, such a claim does not constitute actual damages sufficient to sustain a breach of contract claim. *See Vianet Grp. PLC v. Tap Acquisition*, 2016 WL 4368302, at *9 (N.D. Tex. 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred from prosecuting a breach of contract claim"). Because Plaintiff has not pleaded that she suffered actual damages as a result of Defendants' alleged breach of the Deed of Trust or Note, Plaintiff's breach of contract claims against the Defendants should be dismissed.

## B. TDCA Claim

Plaintiff alleges that Defendants violated the Texas Debt Collection Act ("TDCA"), Chapter 392 of the Texas Finance Code, by "falsely" stating payments were not made on her Loan; failing to "properly credit the payments tendered;" threatening "to take an action prohibited by law by claiming foreclosure provisions in the contract were followed due to the failure to provide contractually required notice and information related thereto;" and misrepresenting "the character, extent, or amount of a consumer debt." Dkt. No. 1-6 at ¶ 13.

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8) (West 2004). "To violate the TDCA using a misrepresentation, the debt collector must have made *an affirmative statement* that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)) (emphasis added). In addition, to state a claim under § 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015).

Plaintiff's TDCA claim fails as a matter of law because she has failed to allege specific facts showing that the Defendants made an affirmative statement that was false or misleading. *See Thompson*, 783 F.3d at 1026. Plaintiff "fails to describe the factual basis of her allegations—who told her what and when and why she concludes that the communication was false or misleading." *Adams v. U.S. Bank, N.A.*, 2018 WL 2164520, at *9 (N.D. Tex. Apr. 18, 2018), *report and recommendation adopted*, 2018 WL 2150960 (N.D. Tex. May 10, 2018). Accordingly, she has failed to allege a claim under the TDCA. *See id.*

Even if Plaintiff had alleged sufficient facts regarding Defendant's alleged misrepresentation of the Loan's character, extent, or amount, Plaintiff's claim would still fail because she does not allege that she suffered actual damages. The TDCA provides that a plaintiff "may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." TEX. FIN. CODE § 392.403. To maintain an action under the TDCA, a plaintiff must plead actual damages. *Adams*, 2018 WL 2164520, at *8; *see also Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 801-802 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [TDCA]'") (citations omitted). Plaintiff cannot show actual damages in this case because no foreclosure has taken place, and attorneys' fees and court costs in bringing this action do not qualify as actual damages. *See Adams*, 2018 WL 2164520, at *8. Accordingly, this claim fails.

## C. DTPA Claim

Plaintiff alleges that Defendants violated the Texas DTPA, TEX. BUS. & COM. CODE § 17.50(a)(1), by making "false, misleading or deceptive acts or practices" with regard to her Loan Agreement. Plaintiff's DTPA claim fails as a matter of law as Plaintiff is not a "consumer" under the DTPA.

Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). "The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing*, L.P., 726 F.3d 717, 724 (5th Cir. 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no pet.)).

A mortgagor qualifies as a consumer under the Act if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint. *Id.* at 725. However, a mortgagor challenging how an existing mortgage is serviced is not a "consumer" under the Act "because the basis of [the] claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014); *see also Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833, 837 (5th Cir. 2016) (finding that mortgagor did not qualify as a consumer under the DTPA because her claim was based on bank's lending activities after the purchase of the home).

In the instant case, while Plaintiff borrowed money to purchase her home which was secured by a Deed of Trust, her DTPA claim is based entirely on Defendants' loan servicing and foreclosure activities after the purchase of her home. Therefore, Plaintiff is not a consumer under the DTPA because the basis of her claim concerns loan servicing and foreclosure activities, not the goods or services acquired with the Deed of Trust. *See id.* (affirming dismissal of DTPA claim where plaintiff's claim was "premised entirely on Wells Fargo's lending activities post-purchase"); *Tolliver v. Bank of New York Mellon*, 2019 WL 3937341, at *14 (N.D. Tex. Aug. 5, 2019) (dismissing DTPA claim where plaintiff's allegations related to defendants' servicing and foreclosure activities and loan modification process and thus plaintiff was not consumer under the statute); *Fowler v. U.S. Bank, N.A.*, 2 F. Supp. 3d 965, 974 (S.D. Tex. 2014) ("Because the basis of Plaintiffs' [DTPA] claim is subsequent loan servicing and foreclosure activities, rather than goods and services acquired in the original loan transaction, Plaintiffs are not consumers under the DTPA with regard to this claim."). Accordingly, Plaintiff's DTPA claim also should be dismissed.

Based on the foregoing, the Court finds that Defendants' Motion to Dismiss should be granted because Plaintiff has failed to state a claim to relief that is "plausible on its face." *Ashcroft,* 556 U.S. at 678.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12 (B)(6) (Dkt. No. 5) and **DISMISS** Plaintiff's lawsuit.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 20, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE